■ In the Matter of PAUL VERSTANDIG, Appellant, v. DIAMOND DEALERS CLUB, INC., Respondent.— Judgment denominated order denying a petition brought under CPLR article 78, unanimously affirmed, with $50 costs to respondent-respondent. The record suffices to warrant the club's action in suspending petitioner as a member for breach of the Debtor-Creditor General Rules of the club. Under the circumstances, therefore, it is not necessary to reach the question whether the arbitration clause contained in the by-laws of the club applies to parties to a dispute where none demands arbitration and they resort to the courts for resolution of such dispute. Concur — Breitel, J. P., Rabin, McNally, Steuer and Witmer, JJ.

■ In the Matter of REALTY HOTELS, INC., Respondent, v. TAX COMMISSION OF THE CITY OF NEW YORK, Appellant.— Order, entered on or about September 13, 1960, unanimously reversed, on the law and the facts, with $30 costs and disbursements to the appellant, and the assessments confirmed. In a proceeding to reduce the tax assessments on relator's real property for the tax years 1956–60, the court ordered substantial reductions. We find that the record reveals that the relator failed to show that the assessments exceeded the value of the property for the years in question. The property is the Biltmore Hotel. Relator elected to proceed on the theory of economic value arrived at by capitalization of income. While this is a proper theory, the method adopted was improper. Relator's expert did not use actual rentals of rooms, stores or public facilities but instead substituted his estimate not of what a tenant would pay but of what an operator who leased the entire premises would pay to the landlord of the fee. From this are deducted estimated expenses on the basis of managing a hotel. Nothing in the record supports this method as one warranted by experience of hotel operation or likely in theory to produce a reliable basis for computation of rental value. Rejection of this method leaves the record without substantial proof warranting any reduction. Moreover, had actual rentals or any reasonable rental based on experience been used and a concededly proper capitalization rate applied, the results would be a value in excess of the assessments. The trial court was unduly influenced by findings of land values made in prior applications. These are only significant for the years then under review (*Matter of Lome* v. *Tax Comm. of City of New York*, 19 Misc 2d 803, affd. 11 A D 2d 773) and are subject to change as general market conditions change (*Matter of Lane Bryant* v. *Tax Comm. of City of New York*, 21 A D 2d 669). Concur — Breitel, J. P., Rabin, McNally, Steuer and Witmer, JJ.